Justice HUDSON
dissenting.
Because the majority here relies entirely on what I see as the flawed analysis in State v. Ortiz-Zape, _N.C. _, _S.E.2d_(2013) (329PA11), I will not repeat the discussion from my dissenting opinion there. I write specifically to draw attention to the ways in which the majority here has gone even farther astray than in Ortiz-Zape.
In Ortiz-Zape Agent Ray described her review of the testing analyst’s work. According to the majority’s opinion, “Ray compared the machine-produced graph to the data from the lab’s sample library and concluded that the substance was cocaine.” Ortiz-Zape,_N.C. at _,_S.E.2d at_. Although it is clear from the testimony that Ray merely gleaned the conclusion from the report (She ádmitted that “I can only say according to the worksheet.”), she was asked, “What is your independent expert opinion?” and answered, “My conclusion was that the substance was cocaine.” Id. at_,_S.E.2d at_. Here, by contrast, Agent Schell was not asked and made no attempt to characterize her testimony as an “independent expert opinion.” Rather, she was asked if she had “reviewed . . . the results of the examinations” performed by the testing analyst and if she had “also reviewed Agent Gregory’s conclusion!.]” She testified that “]b]ased upon all the data that [Agent Gregory] obtained from the analysis of that particular item ... I would have come to the same conclusion that she did." (Emphasis added.) This testimony is problematic.
*33 As with every other Confrontation Clause case we decide today, a central question is whether the analyst’s opinion is independent or not. The independence of the testifying expert’s opinion becomes crucial when, as here, the lab report underlying that opinion is testimonial and the analyst who prepared the report did not testify. Under these circumstances, the report and its conclusions are usually inadmissible under the Confrontation Clause. A truly independent expert opinion may serve as evidence in the case, while an opinion based solely on review of and agreement with the inadmissible report is constitutionally infirm. Here, Agent Schell did nothing more than review Agent Gregory’s notes and results and agree with her conclusion. Agent Schell’s opinion was entirely based on another’s work and notes, and involved no independent analysis whatsoever.
Moreover, while Agent Ray in Ortiz-Zape avoided reference to the original analyst’s conclusions, Agent Schell actually introduced through her testimony Agent Gregory’s conclusion from the lab report — the very conclusion that the trial court had explicitly ruled was inadmissible without testimony from Agent Gregory. Agent Schell testified that she “[came] to the same conclusion that [Agent Gregory] did,” and then reported to the jury that conclusion: that the substance was 0.1 grams of cocaine base. In so testifying, Agent Schell informed the jury of the absent analyst’s testimonial conclusion and thereby acted as a surrogate rather than an independent witness. This directly violates the rule in Bullcoming, in that Agent Gregory, not Agent Schell, should have been made available for cross-examination to satisfy the Confrontation Clause. “ [Surrogate testimony . . . could not convey what [the certifying analyst] knew or observed about the events this certification concerned, i.e., the particular test and testing process he employed. Nor could such surrogate testimony expose any lapses or lies on the certifying analyst’s part.” Bullcoming v. New Mexico,_U.S._,_, 131 S. Ct. 2705, 2715 (2011) (footnote omitted).
Finally, the majority in Ortiz-Zape purports to find independent state law grounds to uphold the conviction, claiming that any possible constitutional error was harmless in light of other evidence establishing the chemical identity of the substance. Even if that analysis were correct — and it is not — no such escape valve exists in this case. Here, the officer testified on direct examination that he arrested defendant because he observed something he “believed” to be crack cocaine fall out of defendant’s sock during a pat-down and that he took “the cocaine” into evidence. Even if visual identification of *34 crack cocaine by a layperson were permissible — a question this Court has not addressed, though the Court of Appeals has consistently ruled that it is not — such visual identification could hardly be considered “overwhelming evidence” of guilt sufficient to rebut the strong presumption that constitutional error is prejudicial. See State v. Autry, 321 N.C. 392, 399-400, 364 S.E.2d 341, 346 (1988). I would hold that the State has failed to prove harmless error beyond a reasonable doubt.
Through this and the other opinions released today, the majority has declined to follow the guidance of the U.S. Supreme Court’s recent Sixth Amendment opinions, from Crawford through Williams, and has thus failed to protect a defendant’s right to confront witnesses against him. The majority asserted in Ortiz-Zape, and again here, that “when an expert gives an opinion, the opinion is the substantive evidence and the expert is the witness whom the defendant has the right to confront.” This statement completely ignores the Supreme Court’s explanations of the scope of the Sixth Amendment’s Confrontation Clause. Indeed, if that statement were law, any expert could give an opinion based on any outside inadmissible evidence, no matter how clearly testimonial or pointedly designed to prove an element of the State’s case, without running afoul of the Confrontation Clause. This is precisely the type of problem that the Supreme Court has repeatedly addressed since Crawford, and most recently in Williams. The majority may disagree with the rulings of the United States Supreme Court, but we are nonetheless bound by them, as we are bound by the Constitution of the United States. Because in my view this decision, as that in Ortiz-Zape, is inconsistent with this Supreme Court jurisprudence, I must respectfully dissent.
Chief Justice PARKER joins in this dissenting opinion.